UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TERRY LEE CLIFTON,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) No. 3:14-cv-02026 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| **DERRICK SCHOFIELD,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## M E M O R A N D U M

Terry Lee Clifton,[1] an inmate at the Northeast Correctional Complex in Mountain City, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Derrick Schofield, Jason Woodall, Tony Parker, Governor Bill Haslam, Benny Townsend, and Gerald McAllister, alleging various civil rights violations. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

### I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* §

---

[1] Purportedly, 37 inmates initiated this action. (Docket No. 3). However, Clifton now appears to be the sole plaintiff.

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Plaintiff Clifton seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.

2

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**III.    Analysis**

The plaintiff sues each of the defendants in his official capacity (Docket No. 1 at pp. 4-8), seeking declaratory and injunctive relief (*Id*. at pp. 22-23), as well as compensatory, punitive, and general damages from the defendants (*Id*. at p. 30). However, the Eleventh Amendment bars § 1983 suits against state officials sued for damages in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989); *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (citation omitted). Thus, the plaintiff's claims for damages against all of the defendants in their official capacities must be dismissed.

Notwithstanding the court's dismissal of the plaintiff's claims for money damages, the court has reviewed the complaint pursuant to the Prison Litigation Reform Act and finds that the plaintiff has stated colorable conditions of confinement/Eighth Amendment claims pursuant to 42 U.S.C. § 1983 against the defendants for injunctive and declaratory relief. 28 U.S.C. § 1915A. Among the plaintiff's claims,[2] he alleges that defendants Schofield, Woodall, Parker, Haslam, and McAllister each have played a role in violating the requirements of *Grubbs v. Bradley*; in creating or worsening design and overcrowding issues at Tennessee's prisons; and in devising and implementing the Tier Management system that has caused a disintegration of security and safety within the state prison

---

[2]This list is not comprehensive as the plaintiff sets forth his allegations in more detail in his complaint. (Docket No. 1).

3

system. The plaintiff further alleges that the policies devised by, and practices implemented by, Food Service Manager defendant Townsend are constitutionally defective in that inmates do not receive adequate calories by way of their institutional meals and the food department fails to meet minimum cleanliness guidelines. (Docket No. 1). Based on the plaintiff's allegations, the court will allow these claims to proceed for further development.

**IV.     Conclusion**

As explained above, the plaintiff's § 1983 claims for money damages against all defendants in their official capacities must be dismissed. However, the plaintiff's remaining § 1983 claims for declaratory and injunctive relief will be permitted to proceed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge